# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHANE PIERCE, | ) |
| | ) |
| Movant, | ) |
| | ) |
| | ) No. 4:15CV1441 AGF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

On November 30, 2010, movant pled guilty to conspiracy to possess pseudoephedrine with the intent to manufacture methamphetamine. On March 1, 2011, the Court sentenced movant to 92 months' imprisonment.[1] Movant did not appeal.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

---

[1] Movant's term of imprisonment represented a sentence reduction for time served from July 10, 2010, to the date of sentencing, March 1, 2011, which was approximately eight months, served under Docket No. 09CR-801 in the Circuit Court of Pulaski County, Missouri, pursuant to Section 5G1.3(b)(1). His sentence ran concurrently with the balance of the sentence the defendant was currently serving under the above referenced docket number, and additionally was to run concurrently with the undischarged term of imprisonment in Docket No. 09TE-CR605, Circuit Court of Texas County, Missouri, pursuant to the provisions of Section 5G1.2(c).

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1) and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final fourteen days after the judgment was entered on March 1, 2011. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on March 15, 2011. The instant motion was placed in the prison mail system by movant on September 15, 2015. Therefore, it appears to be time-barred.

Despite the untimeliness of his motion, movant appears to be asserting that the statute of limitations does not apply to him because he is not "attacking his conviction or sentence."

Rather, he asserts that he is claiming his rights under the 2014 Drug Amendments to the Sentencing Guidelines, also known as "drugs minus two amendments," or Amendment 782.

The Court notes that the proper mechanism for bringing a motion for a reduction in one's sentence is through a motion filed in a movant's criminal case, brought pursuant to 18 U.S.C. § 3582(c). However, in this case, the procedural posture of movant's request does not matter, because unfortunately, movant is not eligible for a sentence reduction under the 2014 Drug Amendments because his guideline range was determined based on his career offender status.

In other words, movant was sentenced under Sentencing Guideline § 4B1.1. As such, movant does not qualify as a "defendant . . . serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual. . . ." Sentencing Guideline § 1B1.10(a)(1).

Despite the aforementioned, the Court will provide movant an opportunity to respond to both the untimeliness of his motion to vacate, as well as his argument for a reduction in his sentence, pursuant to the "drugs minus two" amendment. Movant shall have twenty-one days to file his response.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred. If movant wishes to do so, he may also address his assertions regarding his motion for reduction in his sentence.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed without further proceedings.

Dated this 1st day of October, 2015.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE